SAVOY, Judge.
We are to decide in this appeal whether or not a motion for summary judgment in favor of Fidelity and Casualty Company of New York was providently granted by the trial court.
Plaintiff filed a tort suit against three supervisory employees of his employer, Penrod Drilling Company, and against Fidelity and Casualty Company of New York, the comprehensive general liability insurer of Penrod, to recover for injuries received while working as a roughneck for Penrod when he fell some twenty-five feet trying to dislodge a jammed rotary. By amending petition, plaintiff alleged that Penrod Drilling Company is a partnership, and joined as defendants the partners, Lamar Hunt, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, and Lamar Hunt Trust Estate. The three supervisory employees filed a general denial coupled with a third party petition against Fidelity and Casualty Company of New York alleging they were covered by the comprehensive general liability policy of Penrod. Exceptions to the jurisdiction and insufficiency of service and citation were also filed by Lamar Hunt, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, and Lamar Hunt Trust Estate.
Fidelity and Casualty Company of New York filed a motion for summary judgment contending that plaintiff’s exclusive remedy against Penrod and its partners was under the workmen’s compensation laws of Louisiana, and that the comprehensive general liability insurance policy issue to Penrod could not be extended to cover the supervisory employees of Pen-rod.
After a hearing on the motions for summary judgment and the exceptions of lack of jurisdiction and of insufficiency of service and citation filed by Fidelity, the trial court rendered summary judgment in favor of Fidelity against plaintiff, and against the third party petitioners; and held that the exceptions of lack of jurisdiction over the person and insufficiency of service and citation were valid. From this ruling plaintiff has appealed contending that the trial court erred in granting the motion for summary judgment when a factual dispute existed, and in holding that the exception to the jurisdiction and to citation as to Lamar Hunt was well taken.
In support of his position on appeal plaintiff argues that Penrod is characterized as a corporation in the comprehensive general liability insurance policy, and un *670 der' the terms of the policy, under the title PERSONS INSURED, there appears the following:
“Each of the following is an insured under this insurance to the extent set forth below:
“(c) If the named insured is designated in the declaration as other than an individual partnership or joint venture, the organization so designated and any executive officer, director, or stockholder thereof while acting within the scope of his duties as such.” (Emphasis added)
In opposition to plaintiff’s claim Fidelity introduced the affidavit of Leonard Landry, its casualty superintendent, stating that he personally supervised the preparation of the comprehensive general liability policy; and that the policy only insured Lamar Hunt, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, Lamar Hunt Trust Estate, d/b/a Pen-rod Drilling Company, a co-partnership; and that Fidelity did not insure any corporation by the name of Penrod Drilling Company. Landry further stated in his affidavit that an administrative typographical error was made in inserting an “x” in the blank square next to the word “corporation” rather than the word “partnership”, and that the “x” should have been inserted next to the word “partnership”. Also attached in the record in support of the motion for summary judgment was a copy of the Partnership Agreement including Lamar Hunt, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, and Lamar Hunt Trust Estate.
The trial court concluded that the named insured is “Lamar Hunt, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, Lamar Hunt Trust Estate, d/b/a Penrod Drilling Company, a co-partnership”. It also concluded that the typographical error on the part of the issuing agency did not cause the insured to become a corporation as evidenced by the affidavit of Leonard Landry; and that since the policy was issued to a co-partnership, that under Section II the named insured included the partnership and any partner or member thereof but only with respect to his liability as such. Since the affidavits of the three supervisory personnel show they are not partners and had no personal interest in Penrod other than as salaried employees, and as there were no counter affidavits or other acceptable documents to show otherwise, the trial court correctly granted summary judgment in favor of Fidelity on the third party demand brought against" it by the three employees of Pen-rod.
Because of its earlier conclusion that Penrod consisted of a partnership and not a corporation, the trial court also correctly granted the motion for summary judgment by Fidelity on behalf of the individual partners of Penrod as under Section II dealing with named insureds, if the named insured is a partnership the insured is the partnership so designated and any partner or member thereof, but only with respect to his liability as such. Since the parties designated in the policy as partners are the employers of plaintiff, their only liability toward plaintiff is under the workmen’s compensation laws of Louisiana, and the insurer is not liable for any individual independent acts of negligence, Meche v. Farmers Drier and Storage Company, 193 So.2d 807 (La.App. 3 Cir. 1967).
Finally, the trial court maintained the exception of jurisdiction and insufficiency of service and citation as to Lamar Hunt. In his brief, plaintiff complains that the trial court was in error in overruling said exception. However, in his brief and on oral argument before this Court, plaintiff did not present any argument on this subject.
For the reasons assigned the decision appealed from is affirmed at appellant’s costs.
Affirmed.